## West Homestead Borough, Appellant, *v.* Erbeck.

*Municipal contracts—Fraud—Equity—Engineer's estimates—Contracts.*

In an action of trespass by a borough to recover damages alleged to have been suffered through the collusive fraud of its engineer and the defendant, a contractor, by which plaintiff was led to pay for work not done in compliance with the plans and specifications of a contract, upon estimates given by the engineer in pursuance of a scheme to defraud, the fact that the contract between defendant and the borough provides that the engineer's decision on all points should be "final and binding" will not compel the plaintiff to go into equity to have the estimates set aside as a prerequisite to recovery at law.

Argued Nov. 1, 1910. Appeal, No. 189, Oct. T., 1910, by plaintiff from order of C. P. No. 4, Allegheny Co., Second T., 1908, No. 111, refusing to take off nonsuit in case of Borough of West Homestead v. E. J. Erbeck. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for payments made on a municipal contract through alleged fraud and collusion. Before CARNAHAN, J.

The facts appear by the opinion of the Supreme Court.

The court, upon the conclusion of plaintiff's case, ordered judgment of nonsuit.

*Error assigned* was in refusing to take off nonsuit.

*John Marron*, with him *F. C. McGirr*, for appellant.— The matter embraced within this controversy is not within the jurisdiction conferred by agreement upon the engineer: Drhew v. City of Altoona, 121 Pa. 401; Lauman v. Young, 31 Pa. 306; Gonder v. Railroad Co., 171 Pa. 492; Jacob v. Weisser, 207 Pa. 484; Gallagher v. Sharpless, 134 Pa. 134; Memphis, Clarksville & Louisville R. R. Co. v. Wilcox, 48 Pa. 161.

*John S. Ferguson*, with him *Ralph C. Davis*, for appellee, cited: Hartupee v. Pittsburg, 131 Pa. 535; Sisk v. Garey, 27 Md. 401.

PER CURIAM, January 3, 1911:

The borough of West Homestead had a contract with the appellee for grading, paving and curbing certain streets. From time to time he was paid by the borough moneys due him according to estimates made by the borough engineer, the payments amounting in all to $82,259.94. After these payments had been made the borough discovered, as it proposed to show on the trial, that the work had not been done by the contractor in compliance with the plans and specifications, but in utter disregard of them, and that the estimates which he received from the borough engineer were given to him by that official in pursuance of a scheme between them to defraud the borough. One of its offers was to prove that the defendant and the borough engineer, by fraud and collusion, "procured, obtained and made false estimates of work done, whereby very large amounts in excess of what was coming to the contractor and what was due him for work actually done, were certified by said engineer, and the money obtained from the treasurer of the borough on said certificates." This and other offers by which the borough proposed to show the fraud that had been practiced upon it by its engineer and contractor, acting in collusion for the purpose of defrauding it, were disallowed and a nonsuit directed, because the trial judge was of opinion that, in this action by the borough to recover what it alleges was fraudulently obtained from it by the defendant, the estimates of the engineer could not be assailed, the contract having provided that his decision on all points should be "final and binding." In the opinion refusing to take off the nonsuit the court recognized the right of the borough to recover if the engineer and contractor had conspired to defraud it and did actually defraud it as the result of a conspiracy be-

tween them, but held that the estimates must stand until set aside by an appropriate proceeding on the equity side of the court, as such a proceeding was the only one by which the borough could get rid of their binding effect. In this we cannot concur. It is supported by neither reason nor authority.

If the borough had not paid the contractor the amounts due him according to the estimates given him by the engineer, and this were a suit by him to recover from the borough, it could undoubtedly defend on the ground that the estimates were fraudulent and had been given to the contractor in pursuance of a scheme between him and the engineer to cheat it. It would not have been required under our system of administering equity in common law proceedings to first go into a court of chancery to have the estimates declared void, but, under its charge of fraud and collusion, could have directly attacked them in the suit on them by the contractor; and the converse of this is true in this action to recover what the borough offered to prove had been obtained from it by the combined fraud of its engineer and contractor. The gist of its complaint is this fraud, and in the face of such a charge, if made and sustained, even in a collateral proceeding, neither record, award, judgment nor decree will furnish shelter to the wrongdoer: Mitchell v. Kintzer, 5 Pa. 216; Phelps et al. v. Benson, 161 Pa. 418.

The assignments of error are sustained and the judgment is reversed with a procedendo.