## Cohen, Appellant, v. Mutual Benefit Health and Accident Association.

Argued October 8, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Ralph B. Umsted,* with him *Romain C. Hassrick,* for appellant.

*Walter B. Gibbons,* for appellees.

OPINION BY GUNTHER, J., December 29, 1953:

This is an action in equity for an accounting of renewal commissions allegedly due plaintiff insurance agent under contracts with defendants. The chancellor decreed an accounting for the period June 1, 1950, to July 28, 1950, only, and plaintiff has appealed from the dismissal of his exceptions to the decree.

The plaintiff became agent for the defendants by contracts dated May 24, 1944. He continued working for defendants until July 14, 1950, when he gave thirty

days' notice of intention to terminate his employment, as required by his contracts. Then, on July 27, 1950, the defendants' general agent notified both the plaintiff and the Pennsylvania Insurance Department that plaintiff's agency was terminated for good cause. Plaintiff's contract with United Benefit Company provided for renewal commissions to be vested in plaintiff, even though he was no longer with the company, except that "in the event that this contract shall be cancelled for cause through the State Insurance Department, all benefits inuring to the agent by virtue of this supplement shall automatically terminate." The court below held that defendants complied with the quoted exception, that there was good cause to cancel, and that plaintiff's rights to renewals therefore ceased on July 28, 1950, when he received the notice.

Plaintiff challenges the sufficiency of the evidence relating to cause for cancellation of his contract of employment. The evidence consisted of several matters in which plaintiff acted contrary to the interest of his employers. In one instance plaintiff convinced a man already insured by United to cancel his policy and take out a new one with Mutual Benefit Association. The insured testified that plaintiff represented to him that the new policy was equal in coverage, but had a lower premium. It developed, however, that the new policy had considerably less benefits, so the insured had his old policy reinstated. In another instance, plaintiff secured a premium from an insured, cashed the check, failed to notify defendants of the payment, and retained the money until pressed for it by his employers. In a third case, an application was filed for a Mrs. Mary Allen, but under the name of Mrs. Mary Allen Smith. Mrs. Allen testified that she did not sign the name Smith after her name, and although plaintiff denied adding to the signature, he

admitted adding Smith to the printed name on the application. The inference is that the name was altered in order to make a new policy, Mrs. Allen already being insured by defendants, so that plaintiff would ensure himself a commission. Other instances of a similar nature were testified to, all of which, if true, would give defendants good cause for terminating plaintiff's agency. The evidence was clearly sufficient to support the findings of fact of the chancellor, each of which was separate as to each instance of violation of normal insurance ethics. The chancellor's findings of fact have the full force of a jury verdict and will not be upset unless there is no evidence to support them. *Cochrane v. Szpakowski*, 355 Pa. 357, 49 A. 2d 692.

Plaintiff also contends that defendants did not comply with the provision in his contract requiring cancellation for cause before he could be denied the right to renewal commissions. He points out that his license as insurance agent was not revoked by the Insurance Department, and argues that such action was necessary, after a hearing, in order to comply with the terms of the contract. The plaintiff has obviously misinterpreted his contract, which provides for cancellation of renewal commissions when "this contract shall be cancelled for cause.". There is no mention of revocation of the agent's license, which would require a hearing before the Insurance Department. Defendants have not attacked plaintiff's right to act as an insurance agent generally, but only his rights under this particular contract. An insurance agency contract is cancellable for cause, in any event, where the cause is action inimical to the insurer. *Standard Life Insurance Co. v. Carey*, 282 Pa. 598, 128 A. 537.

In this case, the evidence supported findings of fact that the plaintiff was guilty of conduct not only inimical to defendants' interests, but in some cases in

violation of the requirements of the Insurance Department Act. Such conduct was more than sufficient to justify the cancellation of this contract.

Decree affirmed, costs to be paid by appellant.