Setlock et ux., Appellants, v. Sutila.

Argued March 19, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Paul F. Laughlin,* with him *Laughlin, Gilardi and Cooper,* for appellants.

*James W. Mack, Jr.,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, October 12, 1971:

We are here asked to determine whether equity was the proper form of action for appellants' bill of complaint. We believe an adequate remedy at law exists but hold that the Court of Common Pleas of Indiana County was in error in sustaining preliminary objections without certifying the matter to the law side of the court.

On June 4, 1970, appellants Mike and Flora Setlock filed a bill in equity alleging the following. On April 1, 1964, they purchased a motel and a surrounding tract of land from Joseph J. Sutila for a total of $175,000. The money was to be raised by $25,000 in cash, $105,000 through a first mortgage with the First Federal Savings and Loan Association of Indiana, Pennsylvania, and $45,000 from a second mortgage with the seller.

Appellants took possession and their daughter began to manage the motel. She continued to operate the business until September, 1965, when a contract for the sale of the motel was assertedly entered into between appellants and Paul T. Grieger and his wife. The Griegers temporarily took possession of the motel on September 1, 1965, but eventually refused to buy the premises. A lawsuit was commenced to determine the ownership of the motel, appellants arguing that the claimed contract be upheld. The court found for the Griegers and ordered the Setlocks to repay the down payment.

According to the complaint in the present lawsuit, while appellants were involved in the above described legal proceedings, the original seller, Joseph Sutila, filed a statement in assumpsit and a confession of judg-

ment in the amount of $47,250. Attached to these documents was an alleged copy of a mortgage bond executed by appellants on July 22, 1964. The complaint asserts the bond is a fraud and requests damages for moneys lost as well as damages for the claimed loss of appellants' credit and financial standing. Finally, the complaint seeks an accounting for all profits realized by Sutila.

The latter filed preliminary objections stating that appellants had an adequate remedy at law. The objections were sustained by decree of the court entered on October 21, 1970. Hence this appeal.

Appellants urge the present case is properly within the purview of a bill in equity because of the allegation of fraud. Although fraud, of which forgery is a glaring example, is one of the principal justifications for an equity proceeding, appellants here are not seeking cancellation of a written instrument, but damages only. Cf. *Fleming's Estate*, 265 Pa. 399, 109 Atl. 265 (1919). An action at law is the proper remedy. See *Korona v. Bensalem Township*, 385 Pa. 283, 122 A. 2d 688 (1956) ; *West Homestead v. Erbeck*, 230 Pa. 316, 79 Atl. 570 (1911) ; see generally 16 P.L.E., Fraud, §21 (1959). That there is a request for an accounting does not alter the result, for a complaint in equity is proper in actions for accounting only when the accounts are mutual or complicated or when discovery is needed and is material to the relief. *Stuyvesant Insurance Company v. Keystate Insurance Agency, Inc.*, 420 Pa. 578, 218 A. 2d 294 (1966).

Thus, the preliminary objections were properly sustained because of the existence of an adequate remedy at law, for ". . . [i]t is well settled in Pennsylvania that a suit in equity will not lie where a plain, adequate and complete remedy at law may be had. Meehan v. Cheltenham Twp., 410 Pa. 446, 189 A. 2d 593 (1963)."

Id. at 580-81, 218 A. 2d at 296. However, Rule 1509(c) of the Pennsylvania Rules of Civil Procedure provides: "The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. *If the objection is sustained, the court shall certify the action to the law side of the court.* If not so pleaded, the objection is waived." (Emphasis added.) The trial court was in error in merely sustaining the preliminary objections without transferring the case to the law side. See *Holiday Lounge, Inc. v. Shaler Enterprises Corp.*, 441 Pa. 201, 272 A. 2d 175 (1971); *Siegel v. Engstrom*, 427 Pa. 381, 235 A. 2d 365 (1967); *Wilson v. King of Prussia Ent., Inc.*, 422 Pa. 128, 221 A. 2d 123 (1966); *Hampsey v. Duerr*, 401 Pa. 578, 166 A. 2d 38 (1960); see generally, 2 Goodrich-Amram, Standard Pennsylvania Practice §1509(c)-2 (Supp. 1971).

Accordingly, the decree of the Court of Common Pleas of Indiana County is modified to direct the certification of this matter to the law side of the court for further proceedings.

Each party to bear own costs.