## Jones v. New Pittsburgh Courier Publishing Company

*Gary P. Hunt,* for plaintiff.
*Charles M. Means,* for defendant.

WETTICK, *J.*, September 23, 1981—On October 15, 1966, Pittsburgh Liquidating Corporation (plaintiff) and defendant entered into an agreement under which defendant agreed to pay one-half of its net profits for a ten year period to plaintiff in exchange for plaintiff transferring its assets to defendant. On January 12, 1973, plaintiff filed this action for an

accounting of defendant's profits. Defendant pleaded the defenses, inter alia, of laches, clean hands and estoppel.

Presently before this court are plaintiff's motions to compel defendant to produce documents and answer interrogatories. The information sought includes detailed financial information, the production of which may enable plaintiff to determine what amounts are due under the agreement.

This is a proper action for an accounting.

"The action of account is a writ brought against one, who by means of his office, or by some business he has undertaken, or some money he has received from another, is obliged to render an account to another, but refuses to do so. (citations omitted)" Kohr v. Kohr, 271 Pa. Superior Ct. 321, 413 A. 2d 687, 691 (1971).

In the present case, defendant does not dispute plaintiff's allegations that defendant agreed to pay one-half of its net profits for a ten year period. Consequently, plaintiff is entitled to an accounting unless the claim is barred by any of the defenses which defendant raises. See Setlock v. Sutila, 444 Pa. 552, 282 A. 2d 380 (1971); Stuyvesant Insurance Co. v. Keystate Insurance Agency, Inc., 420 Pa. 578, 218 A. 2d 294 (1966).

Because plaintiff need not show a breach of the agreement in order to be entitled to an accounting, defendant opposes any discovery relating to the issue of damages on the grounds that it is irrelevant to plaintiff's claim for an accounting. In addition, defendant argues that such discovery is burdensome and prejudicial because if the court orders the production of the information which plaintiff seeks, the court will have provided practically the same relief that is sought by plaintiff through its request for an accounting.

If the only issue at trial is whether plaintiff is entitled to an accounting, defendant's argument would be clearly meritorious. However, Pa.R.C.P. 1530(b) provides that a court, which determines that a plaintiff is entitled to an accounting, may proceed at the same hearing to determine the amount due: Damirgian v. Damirgian, 262 Pa. Superior Ct. 463, 396 A. 2d 1263 (1978). And because the discovery which plaintiff seeks is relevant to the question of what amount, if any, is due, plaintiff contends that he is entitled to discovery under Pa.R.C.P. 4003.1 which allows discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action. This position is supported by Goodrich-Amram 2d §1530(b): 1 (Supp.):

"It is difficult to sustain this reading of Rule 1530(b). It is designed merely to give the trial court the option and privilege not to try the issue of damages, but to postpone this and direct the defendant to file an accounting. This has nothing to do with pre-trial discovery, which is to be available to a plaintiff as early as the 'preparation of the pleadings' and always for 'preparation of the case' for trial. Liability and damages in an action for an accounting can always be tried in a one-stage trial, if the trial judge so elects. The judge's option to choose a two-stage proceeding should not deprive the plaintiff of his right to discovery on the issue of damages no matter when that issue is to be tried."

However, the contrary position has been taken by the only two reported cases that have recently considered the right to discovery of business records prior to a determination of a party's right to an accounting.

"The threshold issue to be determined is whether

plaintiff is entitled to an accounting before one may be awarded in fact. See Pa.R.C.P. 1530. If discovery is permitted which gives plaintiff the relief he seeks before he shows that he is entitled to it, the accounting demand will be, in practical terms, moot when the matter is to be finally adjudicated. Plaintiff will have had the benefit of an accounting without showing entitlement to it. Defendants will be prejudiced, for in the event that an accounting is denied, plaintiff will have already received their otherwise privileged private financial information." Simon v. Simon, 4 D. & C. 3d 176, 178-9 (Phila., 1978).

"How then to resolve the 'conflict' of rules? By denying plaintiff's request for production of virtually all defendant's business records. No harm is done to plaintiff. For he can still subpoena them at trial for their availability in the event he persuades the Court he is entitled to an accounting. Short of that, if the records are not present upon the occurrence of that contingency, the Court will certainly order an accounting, and the records ultimately could be open to plaintiff through due process.

. . .

"On the other hand, to refuse the protective order would expose defendant's business dealings unfairly at this juncture, contrary to the spirit of equity itself. Ultimately, it might be shown plaintiff has no right to an accounting—a hollow, meaningless picture if plaintiff meanwhile obtained through discovery what he is denied later in equity." Frank v. Light Coach Co., Inc., 72 D. & C. 2d 122, 123-4 (Lebanon, 1976).

We favor the Goodrich-Amram position that discovery of business records relevant to the issue of damages should be permitted prior to the hearing of the accounting claim. The basic dispute in an accounting action is whether the plaintiff is entitled to damages—an accounting is only a method of

compelling the other party to come forward with information which may be necessary for the plaintiff to establish the damages to which he or she is entitled. In an assumpsit action—which involves the identical dispute—discovery of business records relevant to the issue of damages is permitted prior to the determination of liability. There is no reason to adopt a different policy merely because a plaintiff believes that an accounting may be necessary to establish that damages are due. A major purpose of our discovery rules is to narrow the issues at trial, and this purpose is promoted by giving the plaintiff the opportunity to determine whether he or she may be entitled to damages through pre-trial discovery. If the plaintiff (without an accounting) can obtain sufficient information on this issue, the litigation can then focus initially on the damage claim—this is consistent with the purpose of the rules of civil procedure of securing the just, speedy and inexpensive determination of every action(Pa.R.C.P. 126).

The contrary position that denies business records until the right to an accounting is established will render ineffective Pa.R.C.P. 1530(b) which permits the court in a single hearing to determine whether a party has a right to an accounting and the amount due. In virtually every case the plaintiff will seek such discovery, and because of the strong policy permitting discovery of evidence prior to trial (Pa. R.C.P. 4003; Nissley v. Pennsylvania Railroad Company, 435 Pa. 503, 259 A. 2d 451 (1969); Cancilla v. Saroczak, 125 P.L.J. 359 (1977)), a court will not proceed to the issue of damages immediately after determining that a plaintiff is entitled to an accounting where the plaintiff has been refused discovery of evidence relevant to the issue of damages. See Frank v. Light Coach Co., Inc., supra. And this court can discern no overriding policy that would justify the emasculation of Rule 1530(b).

The argument that discovery will give a plaintiff relief to which he may not be entitled assumes that business records are protected until the right to an accounting is established. But as we previously stated, business records are not so protected because of the established law that permits discovery of information relating to damages in assumpsit and trespass actions before liability is established. The accounting is not the ultimate relief; rather, it is primarily a method of discovering essential facts to establish that damages are due. The discovery rules are merely another method of discovering these facts, and there is no reason why a party may not simultaneously pursue both methods of discovering relevant facts.

Finally, the claim that defendant will be prejudiced if discovery is not barred until the right to an accounting is established rests upon the same erroneous assumption that business records are protected until liability is established. There may be cases in which no discovery on the issue of damages should be permitted until the issues relating to liability are resolved because of questionable merits of the claim. But this is governed by Rule 4011 which bars discovery that would cause unreasonable annoyance, embarrassment, burden or expense, and these same standards that are applicable to an objection to discovery of information relating to the issue of damages in an assumpsit action will also govern an action in accounting. In the present case, defendant's allegations do not meet these standards. Consequently, this court will enter an order compelling discovery.

## ORDER

On this September 23, 1981, it is hereby ordered that plaintiff's motion to compel the production of

documents and answers to plaintiff's interrogatories is granted. Defendant has 30 days in which to answer, produce or otherwise respond to said plaintiff's interrogatories and requests for production of documents.