482 A.2d 1332

Charles GIBSON, Sr., Mary Louise Gibson, Charles Gibson, Jr., Frank Gibson and Deborah Gibson Regan,

v.

William G. BOTTI and Ronald W. Dececco, individually and t/b/d/a Servicemaster of Greater Pittsburgh and Servicemaster of Three Rivers, Inc., a Pennsylvania corporation, Appellants.

Superior Court of Pennsylvania.

Argued Feb. 28, 1984.

Filed Oct. 19, 1984.

Lee V. Price, Pittsburgh, for appellants.

C. Donald Gates, Jr., and Elaine V. Preston, Pittsburgh, for appellees.

Before BROSKY, DEL SOLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The parties herein entered into an agreement whereby plaintiffs-appellees sold their stock in Service Master of Three Rivers, Inc. to defendants-appellants. The agreement provided, *inter alia*, that appellants would pay appellees ten percent of the monthly gross receipts of the business for cleaning, painting and deodorizing services.

As a result of a dispute between the parties regarding whether appellants actually paid appellees the full ten percent, appellees filed a complaint in equity seeking an accounting and a judgment against appellants for the ten percent of the gross revenues still due and owing. Subse-

quent to the filing of other pleadings, appellees filed a discovery motion seeking inspection of financial records of the corporation and individual appellants. Relying upon *Jones v. New Pittsburgh Courier Publishing Company*, 130 P.L.J. 36, 24 D & C3d 331 (1981), the trial court granted the motion, limiting discovery to matters relating to the receipt of funds by appellants in their business activities.

Appellants then petitioned the trial court to amend its order granting appellees' discovery motion to include a statement of certification for appeal by permission to this court. The Honorable R. Stanton Wettick entered an order denying the motion and appellant directly petitioned this court for review of both of the aforementioned orders. After consideration, the Honorable James E. Rowley granted the petition for review, transferred the petition to No. 483 Pittsburgh 1982,[1] and gave a briefing schedule. This panel heard the matter and entered a per curiam order denying the petition for review noting that a direct appeal had been quashed *sua sponte*. Appellants then filed an application for reargument. Having been apprised of the complete procedural history of the case, this panel granted reconsideration *sua sponte*. Hence, the matter is before us for review of the merits of the novel question raised.

Appellants contend that the trial court improperly granted appellees' motion for production of documents for inspection. They argue that the ordered discovery gave appellees the relief sought prior to establishing their entitlement to an accounting and is contrary to Pa.R.C.P. 1530.

■ An action for an accounting pursuant to Pa.R.C.P. 1530 required two distinct steps under prior practice: (1) trial on the duty to account; and, (2) if an accounting was warranted, a subsequent proceeding on the accounting to determine the amount due the injured party. Although this procedure is still viable, the court sitting in equity may opt to telescope the process into one step, placing the choice

1. Appellants had filed a direct appeal from the order granting appellees' discovery motion which was docketed at this number. Judge Rowley quashed that interlocutory appeal *sua sponte* when he granted the petition for review.

between the two procedures within its discretion. Pa.R. C.P. 1530(b); *Damirgian v. Damirgian,* 262 Pa.Super. 463, 470, 396 A.2d 1263, 1267 (1978). An examination of a court's procedural choice must, therefore, be conducted within the ambit of an abuse of discretion standard.

■ The trial court herein found that the ultimate objective of the action was the award of damages based upon a contract provision, and the purpose of the accounting was to determine the amount of damages due, if any. As a result, he deemed it proper to permit discovery of business records relevant to the damages issue prior to a hearing on the duty to account, citing *Jones v. New Pittsburgh Courier Publishing Company, supra.* We have no difficulty with the trial court's preliminary determination regarding the ultimate objective of the instant action; but, we do not concur with his implied finding that use of the telescoped procedure and accompanying discovery of business records are *automatically* permissible.

This court in *Damirgian v. Damirgian, supra,* agreed with that trial court's decision to utilize the telescoped procedure since the trial on the right to an accounting evinced "that the party awarded the accounting [was] entitled to a sum certain", thereby obviating the need to hold a second hearing at a later time. *Id.,* 262 Pa.Superior Ct. at 472, 396 A.2d at 1268. The excerpted language implies that the availability of alternative procedural postures under Rule 1530(b) does not necessarily mean that a court in equity should be permitted to *arbitrarily* choose between them. Instead, circumstances must be such that the judicially expeditious alternative, when chosen, works no substantial harm to the parties in accordance with our interpretation of *Damirgian.*

In the instant matter, there is no dispute as to the terms of the agreement which provide for payment to appellees of a percentage of certain gross revenues of appellant corporation. The point of contention is whether appellants paid the proper amount and provided appellants with accurate information about that amount and sources of those revenues.

When the scenario herein is compared with the common pleas court cases relied upon by the parties, it becomes clear why the grant of the discovery motion in preparation for a telescoped procedure under Rule 1530(b) was appropriate.

Appellants rely upon *Frank v. Light Coach Company, Inc.*, 72 D & C2d 122 (Lebanon Co., 1976) and *Simon v. Simon*, 4 D & C3d 176 (Philadelphia Co., 1978) for the proposition that discovery, in effect, grants a partial accounting prior to adjudication of entitlement to an accounting. Appellees and the trial court rely upon language found in *Jones v. New Pittsburgh Courier Publishing Company, supra,* which is explicated above.

The cases of *Frank* and *Simon* are readily distinguishable from that of *Jones.* The request for an accounting in *Simon* rested upon whether a conveyance of real property was found to be fraudulent, and the request in *Frank* depended on whether the court determined that a partnership did in fact exist. The accounting sought in *Jones,* however, was premised upon undisputed terms of an agreement between the parties, resulting in entitlement to an accounting unless the claim was barred by the pleaded defenses of laches, clean hands or estoppel. *Jones v. New Pittsburgh Courier Publishing Company, supra* at 36, 24 D & C3d at 332, citing *Setlock v. Sutila,* 444 Pa. 552, 282 A.2d 380 (1971) and *Stuyvesant Insurance Co. v. Keystate Insurance Agency, Inc.,* 420 Pa. 578, 218 A.2d 294 (1966). The substantive differences between the two types of cases is obvious and facilitates a clearer understanding of when and why a telescoped procedure may be utilized by the court.

We endorse the utilization of this procedure under circumstances such as those present in *Jones* and the instant matter where it is undisputed that the complaining party is entitled to some percentage or other "sum certain". *Cf., Damirgian v. Damirgian, supra.* Situations similar to those found in *Simon* and *Frank,* however, do not readily lend themselves to employment of the telescoped procedure

since an initial determination must be made regarding the existence or nonexistence of an underlying premise which would entitle the complaining party to an accounting.

It necessarily follows that if the court in equity elects to use the telescoped procedural alternative and immediately move to the question of the amount due, if any, once a duty to account has been officially established, the pretrial rules of discovery are applicable. As Pa.R.C.P. 4003.1 permits discovery of any nonprivileged matter relevant to the subject matter involved in a pending action, the court may grant appropriate discovery prior to establishing a duty to account when the proceedings will be telescoped. We find that the court in equity herein properly availed itself of the telescoped procedural alternative and did not abuse its discretion in granting, with certain limitations, the motion to produce documents for inspection.

Order affirmed.