619 A.2d 775

Jacob HORNUNG, Appellant,

v.

SCHAUSEIL INSURANCE ASSOCIATES, INC., Edmund and Dorothy M. Schauseil, Peter DePaul and Nevis DePaul.

Superior Court of Pennsylvania.

Argued Oct. 27, 1992.

Filed Jan. 28, 1993.

Jonathan Petrakis, Valley Forge, for appellant.

Dion G. Rassias, Blue Bell, for appellees. (Submitted).

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order granting appellees' preliminary objections in the nature of a demurrer as to Counts IV, V and VI and as to all counts in the complaint regarding appellees Dorothy M. Schauseil and Nevis DePaul. Appellant presents the following questions for our review:

I. Where a shareholder's Complaint establishes that a corporation is wrongfully withholding 50% of his ownership interest therein and has refused shareholder's request for an accounting, are such facts sufficient to state a cause of action for an accounting and other equitable relief?

II. Where a shareholder's Complaint establishes that a corporation is wrongfully withholding 50% of his ownership interest therein and the officers and directors have refused to explain their actions or cooperate with shareholder, are such facts sufficient to support claims against the individual officers and directors?

Appellant's Brief at 2. For the following reasons, we quash in part and affirm in part.

On September 28, 1990, appellant filed a complaint against appellees containing the following counts: (1) conversion; (2) breach of contract; (3) breach of fiduciary duties; (4) review of corporate actions pursuant to 15 Pa.C.S.A. § 1793; (5) request for custodian pursuant to 15 Pa.C.S.A. § 1767(a)(2); and (6) an accounting. On November 21, 1991, appellees filed preliminary objections in the nature of a demurrer as to all counts in the complaint. Appellant filed a response on January 22, 1992. On January 29, 1992, the lower court granted appellees' preliminary objections and dismissed appellant's complaint. Appellant filed a petition for reconsideration which was granted on February 10, 1992. Subsequently, on March 13, 1992, the lower court granted appellees' preliminary objections to appellant's complaint in part as to (1) Count I, paragraph 20, (2) Counts IV, V and VI, and (3) all counts in the complaint against appellees Dorothy M. Schauseil and Nevis DePaul. Appellant's timely appeal followed.

In light of the procedural posture of this appeal, we must first determine whether the trial court's partial grant of appellees' preliminary objections is an appealable final order. Only an order which effectively puts the litigant out of court is considered final and appealable. *See Jackson v. Moultrie*, 288 Pa.Super. 252, 255, 431 A.2d 1033, 1034–35 (1981) (citations omitted).

With respect to Dorothy M. Schauseil and Nevis DePaul, appellant is 'out of court' as all counts against them have been dismissed. *See U.S. Nat. Bank in Johnstown v. Johnson*, 506 Pa. 622, 629, 487 A.2d 809, 813 (1985) ("[T]he dismissal of a complaint as to one defendant upon its preliminary objections is a final and appealable order. . . ."). Hence, that part of the trial court's order dismissing all counts against Dorothy M. Schauseil and Nevis DePaul will be reviewed on appeal.

However, our analysis does not end here. Regarding the other appellees, the lower court dismissed only Counts IV, V and VI. In general, "an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable." *Praisner v. Stocker*, 313 Pa.Super. 332, 337–38, 459 A.2d 1255, 1258 (1983) (citations omitted).

However, where separate and distinct causes of action have been joined in one complaint, a judgment entered on one or more of those causes of action is final and appealable because it terminates the litigation upon a separate cause of action and puts the litigant "out of court" on that cause of action. On the other hand, an order dismissing one or more counts of a multi-count complaint which merely sets forth alternate theories of recovery is interlocutory and not appealable because the plaintiff can still proceed to a determination on an alternate theory.

*Dorohovich v. West American Ins. Co.*, 403 Pa.Super. 412, 416–17, 589 A.2d 252, 254 (1991) (citations omitted). Because Counts IV, V and VI are not separate and distinct from the remaining causes of action, they are interlocutory and not appealable.

■ Counts IV and V request relief under 15 Pa.C.S.A. §§ 1793 and 1767(a)(2) of Pennsylvania's Associations Code. In *Gatten v. Merzi*, 397 Pa.Super. 148, 579 A.2d 974 (1990), *appeal denied*, 528 Pa. 611, 596 A.2d 157 (1991), this court held that when one count of a multi-count complaint is dismissed and that count sets forth a cause of action based upon statutory law, the mere fact that the other counts have not been dismissed will not preclude us from addressing an appeal of the dismissal. *Id.* 397 Pa.Super. at 150, 579 A.2d at 975. *See also Hardy v. Pennock Ins. Agency, Inc.*, 365 Pa.Super. 206, 529 A.2d 471 (1987). Fundamental to our decision in *Gatten* was that appellant's claim requested relief under a specific statute for violations of that statute. By definition, such relief is unique and, hence, we found the statutory claim to be immediately appealable.

In the instant action, however, appellant's statutory claims request no more than alternative methods of review of the claims raised in Counts I, II and III. 15 Pa.C.S.A. § 1793 provides, in pertinent part:

Upon application of any person aggrieved by any corporate action, the court may hear and determine the validity of the corporate action.... If it is determined that no valid corporate action has been taken, the court may order a

meeting to be held in accordance with section 1792 (relating to proceedings prior to corporate action).

*Id.* In Count IV, appellant requests that, pursuant to section 1793, the court determine whether he is entitled to the relief requested under Counts I, II and III. Not only is this relief not provided for by section 1793,[1] but such relief will be provided for by the trial court's review of the claims presented in Counts I, II and III. Since it is not a separate and distinct cause of action, the dismissal of Count IV is not appealable.

15 Pa.C.S.A. § 1767(a)(2) provides the following:

(a) [U]pon application of any shareholder, the court may appoint one or more persons to be custodians of and for any business corporation when it is made to appear that:

. . . .

(2) in the case of a closely held corporation, the directors or those in control of the corporation have acted illegally, oppressively or fraudulently toward one or more holders or owners of 5% or more of the outstanding shares of any class of the corporation in their capacities as shareholders, directors, officers or employees[.]

*Id.*

In Count V, appellant requests that a custodian be appointed under section 1767 to review the actions of the corporation and thereby resolve the issues raised in Counts I, II and III.[2] Again, appellant does not plead a separate cause of action. He merely requests that the issues raised in Counts I, II and III be reviewed by a court-appointed custodian. As mentioned above, the issues in Counts I, II and III will be decided

1. Clearly, the only relief available under this section is the court's grant of a mandatory corporate meeting where there has been inappropriate corporate action.

2. To the extent that the trial court's order dismissed that part of Count V, Paragraph 36 requesting that the trial court "appoint one or more persons to be custodians of Schauseil Insurance Associates, Inc. and *control* . . . the sale of that entity to the other [appellees,]" the order is final and appealable. Appellant's Complaint, 9–28–90, at 8 (emphasis added). However, the trial court's dismissal of this claim was proper. Since the sale of Schauseil Insurance had already occurred, there was no basis for the trial court to appoint a custodian to "control" the sale of the company.

at trial. Accordingly, the dismissal of Count V is interlocutory and not appealable.

Finally, in Count VI, appellant requests that the trial court order an equitable accounting regarding appellant's stock ownership in Schauseil Insurance and any improper actions taken by appellees. In *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983), this court stated that when recovery on a particular claim is predicated upon whether a plaintiff is successful on one or more of his remaining causes of action, dismissal of that claim will not put the plaintiff out of court and, hence, such a dismissal is not appealable. *Id.* at 342, 459 A.2d at 1260 ("In cases such as these the plaintiff is not out of court when one of several counts has been dismissed, and it is procedurally preferable to delay appellate review until the entire action has been determined.").

Where an accounting sought is premised upon undisputed terms of an agreement, the complaining party is entitled to pretrial discovery on the question of the amount due. *Gibson v. Botti*, 334 Pa.Super. 275, 279–80, 482 A.2d 1332, 1334 (1984). However, where liability is disputed, the party bringing the action must first establish some type of obligation or underlying premise which would entitle that party to an accounting. *Id.*

In the instant action, appellant's entitlement to an accounting is premised upon many *disputed* facts: whether appellant is entitled to 10% ownership of the corporation and whether appellees committed various improper acts which allegedly diminished the value of the company. Since these issues are both determinative of Count VI and essential elements of the remaining counts, the trial court's dismissal of Count VI is interlocutory and not appealable.

We now proceed to appellant's appeal regarding that part of the trial court's order granting a demurrer to all counts as to appellees Dorothy Schauseil and Nevis DePaul. An order granting preliminary objections in the nature of a demurrer will be upheld where, admitting all well pleaded facts and all inferences reasonably deduced from those facts

as true, appellant has clearly failed to state a claim on which relief may be granted. *Philmar Mid–Atlantic v. York St. Assoc. II,* 389 Pa.Super. 297, 300–301, 566 A.2d 1253, 1254 (1989). Mere conclusions of law will not be sufficient to plead a cause of action. *Id.* at 300, 566 A.2d at 1254. In the instant action, appellant's pleadings named Dorothy Schauseil and Nevis DePaul as directors and officers of Schauseil Insurance Associates, Inc. However, since appellant failed to plead any specific facts showing that Dorothy Schauseil and Nevis De-Paul knowingly participated in the wrongdoing alleged in the complaint, appellant's claims were properly dismissed. *See Chester–Cambridge Bank & Trust Co. v. Rhodes,* 346 Pa. 427, 31 A.2d 128 (1943); *Moy v. Schreiber Deed Sec. Co.,* 370 Pa.Super. 97, 535 A.2d 1168 (1988).

Accordingly, we quash this appeal to the extent that it is from that part of the order dismissing Counts IV, V and VI [3] and we affirm that part of the order dismissing all counts against Dorothy Schauseil and Nevis DePaul.

Appeal quashed in part and order affirmed in part.

---

**3.** As we stated earlier, we affirm that part of the order dismissing appellant's request of custodial control over the sale of the corporation in Count V, Paragraph 36.