## Treat's Estate.

Argued March 25, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Charles R. McNeill* and *John B. Brooks,* of *Brooks, Curtze & Silin,* for appellant.

*A. Grant Walker,* with him *Gunnison, Fish, Gifford & Chapin* and *Walter H. Scott,* for appellees.

OPINION BY MR. JUSTICE MAXEY, April 14, 1941:

This is an appeal from the order of the Orphans' Court of Erie County authorizing the register of wills to issue letters of administration d.b.n.c.t.a. to the Marine National Bank of Erie in the estate of L. J. Treat, who died testate on December 25, 1913. Delia R. Treat, his widow, was appointed executrix of the estate on December 29, 1913. She died testate on November 2, 1929.

The office of administrator of the L. J. Treat Estate being vacant, a petition was presented to the register of wills for the appointment of an administrator d.b.n.c.t.a. and the Marine National Bank of Erie was appointed. The legality of the appointment of that bank as administrator was questioned as being contrary to section 2(b) of the Fiduciaries Act of June 7, 1917, P. L. 447, which provides that "no letters testamentary or of administration shall in any case be originally granted upon the estate of any decedent, after the expiration of twenty-one years from the day of his decease, except on the order of the orphans' court upon due cause shown." Thereupon, on December 4, 1940, a petition was presented by Marjorie J. Clark, an heir of the estate of L. J. Treat, in the Orphans' Court of Erie County for authority to the register of wills to grant letters d.b.n.c.t.a. nunc pro tunc as of November 19, 1940, the date of the original appointment of the Marine National Bank. The court granted a rule to show cause why the order should not be made and on December 9, 1940, the motion for order nunc pro tunc was discharged. It was further ordered that "unless answer filed and appearance entered one week from

today, order appointing Marine National Bank, administrator, will be made; five days' notice to be given by registered mail to last known address of heirs of L. H. Treat, deceased."

On December 16, 1940, an answer to the petition was filed on behalf of J. Paul Treat. A hearing was fixed for December 18, 1940. Only J. Paul Treat, whose notes are the subject of litigation, appeared and objected to the granting of the petition. The court ruled that "upon the facts presented it appears clear that the petitioner is a party in interest, that there is a vacancy in the office of administrator of the estate and that there are unadministered assets. . . . The prayer of this petition is granted."

Appellant invokes the words "upon due cause shown" in the above cited section 2(b) of the Fiduciaries Act and contends that "there should be some sound reason and necessity" for the granting of letters after 21 years.

In *Hanbest's Est.*, 21 Pa. Superior Ct. 427, that court, in construing the Act of March 15, 1832, which is in practically the same language as section 2(b) of the Fiduciaries Act, said: "The purpose of the legislation quoted is manifestly to take from the register and confer upon the orphans' court the power and duty to determine whether letters of administration shall be granted upon the estate of a decedent after twenty-one years. . . . The intervention of the court to prevent unnecessary and intrusive issuance of letters of administration long after the decedent's death is quite as necessary in the case of a second or third issuance as in the case of an original grant."

During the lifetime of L. J. Treat, his son, the appellant, gave him two notes, one in the sum of $2500.00 and the other in the sum of $1866.80; still allegedly unpaid. After the death of L. J. Treat's widow these notes were "among the supposed assets of her estate," and upon application to court for leave to enter judgment on the notes, both of which were more than 20

years old, J. Paul Treat filed an answer to the petition, alleging that the notes had never actually been assigned by the executor of the L. J. Treat Estate to Delia R. Treat although she was the sole beneficiary of that estate, and that therefore the procedure for their collection should be against the Estate of L. J. Treat.

Appellant now states: "It is our belief that Delia R. Treat, having fully administered her husband's estate, was the sole owner of the notes now claimed as unadministered assets of her husband's estate. . . . As her husband's only legatee she was the sole equitable and beneficial owner and had power to dispose of those assets; . . . petitioner has not met the requirements of showing due cause and the necessity for letters of administration."

We do not agree with appellant that *as a matter of law* "there are no monies owing on the assets claimed." The court below rightly held that whether in fact there are such monies owing can best be determined after the appointment of an administrator d.b.n.c.t.a. In making its order for such an appointment it did not abuse its discretion.

The order is affirmed at appellant's cost.