McFarland, Appellant, *v.* Weiland Packing Co., Inc., Appellant.

Argued November 17, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph P. Phelps, Jr.,* for plaintiff.

*Bayard M. Graf,* with him *J. Willison Smith, Jr., G. Clinton Fogwell, Jr.,* and *Reilly & Fogwell,* for defendant.

OPINION BY MR. JUSTICE EAGEN, January 5, 1965:

Plaintiff claims damages from the defendant-corporation for an alleged breach of contract. In this equity action, plaintiff seeks payment of the claim and an order enjoining the defendant from liquidating its assets, and winding up its corporate affairs, or, in the alternative, an order directing that sufficient assets be set aside to satisfy the claim.

Preliminary objections to the complaint were filed, which, inter alia, challenged the jurisdiction of the court, basically bottomed upon the contention that the defendant was not a party to the contract involved,

and that the real party thereto, a foreign corporation, should have been named the party-defendant. The court below overruled the jurisdictional and other objections, but entered an order certifying the action to the law side of the court under Pa. R. C. P. 1509(c). Both parties appealed.

## Plaintiff's Appeal No. 52

An order certifying an equity action to the law side of the court is an interlocutory order which has not been made appealable by statute: *Nachod v. Nachod,* 402 Pa. 60, 166 A. 2d 18 (1960), and *White v. Young,* 402 Pa. 61, 166 A. 2d 663 (1960). This appeal is, therefore, quashed. Costs to be paid by appellant.

## Defendant's Appeal No. 34

Appellant contends herein that the order of the court below overruling its objection to the court's jurisdiction is appealable under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. We do not agree.

Appeals, under the Act of 1925, are permitted only where the question raised involves jurisdiction over the person of the defendant or jurisdiction over the cause of action (P.L. 23, §1, 12 P.S. §672). Since the appellant (Weiland) was properly served with process and the court of common pleas has the power to determine actions in assumpsit involving breach of contract, it is clear that jurisdiction exists both over the person and the cause. The jurisdictional attack, therefore, is without merit.

Moreover, the real substance of appellant's objection is directed to the merits of the action, and is in fact an appeal from the lower court's refusal to sustain defendant's preliminary objection in the nature of a demurrer to the complaint. This goes to the right of

the plaintiff to recover and not to his right to have the cause heard and determined. An order overruling such an objection is not within the scope of appeals allowed under the Act of 1925, and is not an appealable order. See, *University Square No. 1, Inc. v. Marhoefer,* 407 Pa. 257, 180 A. 2d 427 (1962), and *Zerbe Twp. School Dist. v. Thomas,* 353 Pa. 162, 44 A. 2d 566 (1945).

Appeal quashed. Costs to be paid by appellant.