469 A.2d 226

**PITTSBURGH'S AIRPORT MOTEL, INC., A Pennsylvania Corporation and Greater Pittsburgh Service Corporation, A Pennsylvania Corporation, Appellants,**

v.

**AIRPORT ASPHALT AND EXCAVATING COMPANY, a Pennsylvania Corporation and James H. Wentz.**

Superior Court of Pennsylvania.

Argued June 8, 1983.

Filed Dec. 2, 1983.

Edward C. Leckey, Pittsburgh, for appellants.

Eugene B. Strassburger, Pittsburgh, for appellees.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

SPAETH, Judge:

This appeal arises from an order sustaining preliminary objections to a complaint in equity. As to one defendant, Airport Asphalt and Excavating Co., the order dismisses the complaint; as to the other defendant, James H. Wentz, it certifies the action to the law side of the court. As to the first part of the order we find the record incomplete and remand for further proceedings. As to the second part, we quash the appeal as interlocutory.

–1–

Appellant Pittsburgh Airport Motel, Inc., is the landlord, and appellant Greater Pittsburgh Service Corporation is the tenant, of premises known as Airways Airport Parking Pavilion in Allegheny County. Appellants entered into two construction contracts with appellee James H. Wentz to improve the parking facility. Airport Asphalt and Excavating Company, a Pennsylvania corporation wholly owned by Wentz, was not a party to the contracts. Appellants allege that Wentz stood in a confidential relationship with them, and that he abused that relationship. They claim that Wentz

> was not faithful to his obligations under the contracts in that, by presenting false invoices for labor, materials and machine time, by kickbacks from suppliers and by means of other false representations to Plaintiffs' [*i.e.,* appellants'] General Manager, he obtained funds in excess of those to which he was entitled under the contracts, which were used to acquire and improve real estate titled in the name of his wholly owned corporation, Airport Asphalt and Excavating Company. In addition, Plaintiffs' Complaint alleges that labor and materials paid for by Plaintiffs were used to improve this property. In short, by actions of Wentz which contain all of the elements of fraud, property of Defendant, Airport Asphalt and Excavating Company, was acquired and improved.

Brief for Appellants at 13.

On appellees' preliminary objections, the trial court dismissed the action against Airport Asphalt, stating that it was "apparent that the basis for the cause of action [is] contracts entered into with the defendant James H. Wentz" and that there were no allegations "[ ]sufficient to establish a course of action against the corporation [*i.e.*, Airport Asphalt]." Appellants contend that before dismissing their complaint, the trial court should have granted them leave to amend it.·

 After filing this appeal, appellants filed with the trial court a Statement of Proceedings, which was docketed and has been transmitted to us by the trial court as part of the record. In this Statement it is said that at the argument on appellees' preliminary objections, appellants, by their counsel, "presented to the [trial court] the Motion for Leave to Amend Complaint which is part of the Record in this case." Appellees agree that a Motion for Leave to Amend Complaint was in fact presented to the trial court at the argument. Brief for Appellees at 4. However, the Motion is not part of the record. So far as we are concerned, the record is "[t]he original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court...." Pa.R.A.P.1921. We have examined these papers, and appellants' Motion is not among them. Nor, we may add, is there any reference to the Motion in the docket entires. Therefore, we may not consider the Motion. In saying this, we are aware that appellants have printed as part of their Reproduced Record what purports to be their Motion. R.R. 57a–59a. But a paper not of record may not be made of record simply by reproducing it. *Cf. Commonwealth v. Young,* 456 Pa. 102, 115, 317 A.2d 258, 264 (1974) (appellate court will not consider statement by trial judge that he gave jury instruction on reasonable doubt where transcript does not include instruction).

■ Thus, the case stands as follows: We know from the parties that a Motion for Leave to Amend Complaint was filed. We know from the trial court's opinion that the court did not rule on the Motion. But we do not know, for the record does not disclose, what the Motion was. In these circumstances we have concluded that we should remand to the trial court so that it may consider the Motion. For while whether to grant leave to amend is a decision within the discretion of the trial court, amendments should be liberally allowed. *Bell v. Shetrom*, 214 Pa.Super. 309, 257 A.2d 323 (1969); *Geiman v. Board of Assessment & Revision of Taxes*, 412 Pa. 608, 195 A.2d 352 (1963). And "[i]f it is evident that a pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended complaint.... This is a positive duty of the court and not a matter of discretion.... However, if it clearly appears that a defective complaint cannot be cured, a demurrer to it and dismissal of the action is proper." *Mace v. Senior Adult Activities Center, Etc.*, 282 Pa.Super. 566, 569, 423 A.2d 390, 391 (1980) (citations omitted).

–2–

Appellants also argue that the trial court should not have certified their action against James H. Wentz to the law side of the court. The trial court explained its certification by stating that "[i]t is apparent from a reading of the complaint that if all the allegations set forth therein by the plaintiffs are proved that they will then be entitled to a money judgment in their favor against the defendant James H. Wentz. This being the case, the plaintiffs have an adequate remedy at law and their complaint in equity will be certified to the law side of the Court." Slip op. at 1. We may not consider appellants' argument that this was error, for the court's order certifying the action to the law side of the court is interlocutory and nonappealable.

■ The general rule is that an order certifying an action to the law side of the court is not an appealable order:

There can be no doubt that this Court has held unappealable an order certifying a case from equity to law. *Ridge Radio Corp. v. Glosser*, 417 Pa. 450, 208 A.2d 839 (1965); *McFarland v. Weiland Packing Co.*, 416 Pa. 277, 206 A.2d 18 (1965). However, this rule flows not from the mere fact that a case has been certified from one court to another, but from the fact that this certification still leaves open the possibility that the appealing party might eventually be made whole, i.e., that a court of law may award sufficient money damages to substitute for the equitable relief held unavailable. In short, the certification is but an interlocutory order.

*Goldman v. McShain*, 432 Pa. 61, 64, 247 A.2d 455, 457 (1968).

*Accord: Samuels v. Hendricks*, 300 Pa.Super. 11, 445 A.2d 1273 (1982) (and cases cited therein). *See also,* 5 Goodrich-Amram 2d § 1509(c): 2 (citing cases); 16 Stand.Pa.Prac.2d § 86.27 (citing cases). A qualification to this rule is that if the order effectively puts the party "out of court", it is final and appealable. *Goldman v. McShain, supra, McCahill v. Roberts*, 421 Pa. 233, 219 A.2d 306 (1966).

We find this case controlled by our decision in *Samuels v. Hendricks, supra.* There the appellant sought equitable relief on a quasi-contractual theory for unjust enrichment. Distinguishing *Goldman v. McShain, supra,* and *McCahill v. Roberts, supra,* we found that the certification order did not put the appellant out of court, and therefore quashed the appeal:

In *Goldman,* the plaintiffs sought specific performance of a contract to build and operate a theater. The lower court held that they had not alleged an enforceable contract, thereby precluding equitable relief or damages at law. Instead of entering judgment on the pleadings for the defendants, the lower court certified the case to the law side of the court to enable plaintiffs to proceed under a theory of restitution to recover their expenses incurred in contemplation of the project. In denying the motion to quash the appeal, our Supreme Court reasoned that the

order was final because its practical effect was to deny recovery upon the contract. 432 Pa. at 64–65, 247 A.2d at 456–457. Similarly, in *McCahill*, the Court held that a transfer order was final because its effect was to deny plaintiffs' action to quiet title to a building. 421 Pa. at 236, 219 A.2d at 308. By contrast, in the present case, the lower court, in the exercise of its discretion, *Long John Silver's, Inc. v. Fiore, supra* [255 Pa.Super. 183, 386 A.2d 569], determined that appellant could be adequately compensated by an award of damages for the breach of his contract with Mr. Hendricks. Consequently, because the practical effect of the order is *not* to preclude appellant from presenting the merits of his claim, it is *not* final and appealable. *Toll v. Toll*, 293 Pa.Superior Ct. 549, 555, 439 A.2d 712, 715 (1981).

*Samuels v. Hendricks, supra* 300 Pa.Super. at 17, 445 A.2d at 1276–77.

Similarly, in this case the trial court determined that appellants could be adequately compensated by an award of damages. This determination is supported by the complaint. *See* in particular paragraph 50, where appellants itemize their damage claim in considerable detail, several times to the penny.

▪ Appellants allege that "[w]ithout a full accounting from Wentz", they "are unable to state all damage claims exactly." Complaint, para. 50. The demand for an accounting is not, however, by itself sufficient to preclude certification; or to state it differently, the trial court's order certifying appellants' action to the law side does not put appellants "out of court" on their demand for an accounting. For such relief is available in an action at law. Pa.R.Civ.P. 1021, *Setlock v. Sutila*, 444 Pa. 552, 282 A.2d 380 (1971); *Stuyvesant Insurance Co. v. Keystone Insurance Agency, Inc.*, 420 Pa. 578, 218 A.2d 294 (1966). It is true that "when the accounts are mutual or complicated or when discovery is needed and is material to the relief", equity has jurisdiction to order an accounting. *Setlock v. Sutila, supra*, 444 Pa. at 554, 282 A.2d at 381. In this regard, it has been held

that "an account is sufficiently complicated to enable equity to take hold ... [when] a jury would not be qualified to state such an account." *Williams v. Finlaw, Mueller & Co.*, 292 Pa. 244, 248, 141 A. 47, 49 (1928). *See also, Stuyvesant Ins. Co. v. Keystone Ins. Agency, Inc., supra; Fudula v. Keystone Wire & Iron Works*, 283 Pa.Super. 502, 424 A.2d 921 (1981). However, nothing in the complaint warrants the conclusion that an accounting on the law side will not afford appellants an adequate remedy. We have said:

> [A]lthough the mere existence of a legal remedy is not sufficient to preclude equity jurisdiction, a court of equity, may, in the exercise of its discretion, determine whether the legal remedy is full, adequate, and complete in view of all the surrounding circumstances and the conduct of the parties. *Ragano v. Rigot*, 25 Pa.Cmwlth. 428, 360 A.2d 779 (1976); *St. Joe Minerals v. Goddard*, 14 Pa.Cmwlth. 624, 324 A.2d 800 (1974). Finally, absent a manifest abuse of discretion, an appellate court will not reverse the decision of an equity court. *St. Vladimir's Ukrainian Orthodox Church v. Preferred Risk Mut. Ins. Co.*, 239 Pa.Super. 492, 362 A.2d 1052 (1976); *In re Kadiliak's Estate*, 405 Pa. 238, 174 A.2d 870 (1961). *Long John Silver's, Inc. v. Fiore*, 255 Pa.Super. 183, 195, 386 A.2d 569, 575 (1978).

We shall therefore quash the appeal from that portion of the trial court's order certifying the action against Wentz to the law side of the court. We note that appellants may renew their challenge after final disposition by the trial court. *Adcox v. Pennsylvania Manufacturing Association Casualty Insurance Co.*, 419 Pa. 170, 175–76, 213 A.2d 366, 368 (1965), *Samuels v. Hendricks, supra*, 300 Pa.Super. at 17, 445 A.2d at 1277.

The appeal from that portion of the order certifying the action to the law side of the court is quashed. The case is remanded to the trial court for a ruling on appellants' motion to amend the complaint to state a cause of action

against appellee Airport Asphalt. We do not retain jurisdiction.