500 A.2d 891

**Jules N. D'ALOISO and Phyllis L. D'Aloiso, Appellants,**

**v.**

**Kwok Shing CHUNG and Sau Lin Chung.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed Nov. 15, 1985.

Joseph L. Farina, Pittsburgh, for appellants.

S.J. Hyden, Cannonsburg, for appellees.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court which sustained the preliminary objections filed by appellees, Kwok Shing Chung and Sau Lin Chung, and certified that the matter should proceed to the law side of the court. We must quash the instant appeal because the order appealed is interlocutory.

On June 20, 1983, appellants, Jules and Phyllis D'Aloiso and appellees entered into written contracts for the purchase of real estate and a restaurant business which were owned by appellants. The real estate was sold to appellees for seventy thousand dollars ($70,000) which was to be paid in cash. The agreement of sale stipulated that it was subject to the formation of a Pennsylvania corporation by appellee, Kwok Shing Chung, together with other incorporators. The restaurant was sold to Chung-Wong, Inc. The terms of the sales agreement required a twenty thousand dollar ($20,000) down payment with the balance to be paid over five (5) years. Appellees made five (5) payments to appellants from February through June, 1984. However, on June 26, 1984, Chung Wong, Inc., t/d/b/a Shanghai Restaurant, filed for bankruptcy.

On August 13, 1984, a complaint in equity was filed by appellants. Appellees filed preliminary objections which were granted, and the court certified the matter to proceed to the law side of the court. A motion for reconsideration was denied, and this appeal followed.

Appellants raise the following issues: (1) whether the trial court erred in sustaining the appellees' preliminary objections and in concluding that the appellants have an adequate remedy at law; and (2) whether the effect of the trial court's certification order deprives appellants of the opportunity to seek the relief requested in their complaint.

■■ As a general rule, an order certifying a case from equity to law is generally unappealable because it is interlocutory. *Goldman v. McChain*, 432 Pa. 61, 247 A.2d 455 (1968). Of course, there is an exception to this rule. That exception is "where an order certifying a case from equity to law in effect puts a party 'out of court,' it is not interlocutory, but is a final order." *Husted v. Board of Directors of Wellsboro Area*, 57 Pa.Cmwlth. 520, 524–25, 427 A.2d 272, 274 (1981). *Id.* The pertinent guidelines have been set forth in the following manner:

> In other words, "[a]n order is not interlocutory if it precludes a party from presenting the merits of his claim to the lower court." *Marino Estate*, 440 Pa. 492, 494, 269 A.2d 645, 646 (1970).

> To determine whether an order is final, the Supreme Court has cautioned, we must look beyond the technical effect of the adjudication to its practical ramifications. *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). *Id.* (emphasis in original).

According to appellants, "certification of the case to the law side of the court and its practical effect permits the sale of the real estate, free of any claim of [appellants'] equity action, and serves to put the [appellants] out of court." Brief for Appellants at 19. The trial court rejected the appellants contention for the following reasons:

"The complaint seeks to recover money payments which the defendants failed to make that were required in connection with the purchase of plaintiffs' restaurant business and real estate. The complaint alleges at the time of the transaction a purchase money mortgage on the real property was not agreed to by the parties. The equitable relief requested is to impose a mortgage on the real property, but no allegations to support this equitable relief are contained in the complaint.

Accordingly, the only available remedy being a money judgment, the matter was transferred to the law side of the Court." "MEMORANDUM OPINION at 1".

■ We may not consider appellants' argument that the certification order was error because the order appealed is interlocutory. A recent case of this Court sheds some insight into the interlocutory nature of the instant order. In *Pittsburgh's Airport Motel v. Airport Asphalt*, 322 Pa.Super. 149, 469 A.2d 226 (1983), two corporations entered into construction contracts with the defendant-appellee, James H. Wentz, to improve the airport parking facility. A corporation which was wholly owned by Wentz, Asphalt and Excavating Company, was not a party to the contracts. The plaintiff-appellants, Pittsburgh Airport Motel, Inc., and Greater Pittsburgh Service Corporation, alleged "that Wentz stood in a confidential relationship with them, and that he abused that relationship." *Id.*, 322 Pa.Superior Ct. at 151, 469 A.2d at 227. Appellants also alleged the following:

Wentz was not faithful to his obligations under the contracts in that, by *presenting false invoices for labor, materials and machine time, by kickbacks from suppliers and by means of other false representations to Plaintiffs'; [i.e. appellants'] General Manager*, he obtained funds in excess of those to which he was entitled under the contracts, which were used to acquire and improve real estate titled in the name of his wholly owned corporation, Airport Asphalt and Excavating Company. In addition, Plaintiffs' Complaint alleges that labor and

materials paid for by Plaintiffs were used to improve this property. In short, *by actions of Wentz which contain all of the elements of fraud,* property of Defendant, Airport Asphalt and Excavating Company, was acquired and improved.

Brief for Appellants at 13. *Id.,* 322 Pa.Superior Ct. at 151, 469 A.2d at 227. (emphasis added).

We held that "the court's order certifying the action to the law side of the court is interlocutory and nonappealable." *Id.,* 322 Pa.Superior Ct. at 153, 469 A.2d at 228.[1] This Court also elaborated and stated the following:

> There can be no doubt that this Court has held unappealable an order certifying a case from equity to law. *Ridge Radio Corp. v. Glosser,* 417 Pa. 450, 208 A.2d 839 (1965); *McFarland v. Weiland Packing Co.,* 416 Pa. 277, 206 A.2d 18 (1965). *However, this rule flows not from the mere fact that a case has been certified from one court to another, but from the fact that this certification still leaves open the possibility that the appealing party might eventually be made whole, i.e., that a court of law may award sufficient money damages to substitute for the equitable relief held unavailable.* In short, the certification is but an interlocutory order. *Goldman v. McShain,* 432 Pa. [at 64, 247 A.2d at] 457 (1968). *Id.* (emphasis added).

Similarly in this case, appellants allege *inter alia* that the appellees "fraudulently and materially misrepresented" the following: (1) the status of the corporation in violation of the contract of sale; (2) that appellees would remodel and improve the building and restaurant substantially; and (3) that appellees would personally invest substantial funds in the restaurant business. "COMPLAINT" At Allegations # 19 a. and c. Additionally, appellants have itemized their damages by stating that "Plaintiffs are to be paid the balance owing of $60,000.00, less the five payments previously made, or $53,625.85...." *Id.* at Allegation # 18.

---

1. This Court also remanded in part in order to allow appellants an opportunity to join Asphalt and Excavating Company. *Id.*

Under these circumstances, we have no difficulty in concluding that "a court of law may award sufficient money damages to substitute for the equitable relief held unavailable." *Pittsburgh's Airport Motel v. Airport Asphalt*, 322 Pa.Super. at 154, 469 A.2d at 228.[2]

█ This Court also must reject the notion that appellants allegations of fraudulent misrepresentation and their allegations that the appellees "and the corporation functioned as one single entity" are sufficient to preclude certification. *Id.; See also Commonwealth v. Price Bar, Incorporated*, 203 Pa.Super. 481, 485, 201 A.2d 221, 222 (1964) ("[t]he most recent use of the equitable doctrine of piercing the corporate veil is in unemployment compensation cases.")

█ Appellants other argument is that they are requesting that this Court impose a "mortgage" on appellees' property in addition to the monetary remedies. Our reading of appellants' complaint, however, establishes that the basis for their cause of action was the "balance due on the contract marked Exhibit 'B'", which was the contract for the business and equipment. See "COMPLAINT" at Allegation # 19 e. In fact, appellants concede that the transaction which they now claim should be encumbered by a judicially created mortgage "was to be a cash transaction." *Id.* at Allegation # 4. Hence, we must reject appellants' contention that there were sufficient allegations to raise a theory regarding a judicially created mortgage.[3]

Therefore, because "this certification leaves open the possibility that the appealing party might eventually be made whole", the appeal from the order certifying the

2. Our Court also said:

"in this case the trial court determined that appellants could be adequately compensated by an award of money damages. This determination is supported by the complaint. *See* in particular paragraph 50, where appellants itemize their damage claim in considerable detail, several times to the penny." *Id.*, 322 Pa.Superior Ct. at 155, 469 A.2d at 229. (emphasis in original).

3. We also note that "appellants may renew their challenge after final disposition by the trial court." *Pittsburgh's Airport Motel v. Airport Asphalt*, 322 Pa.Super. at 156, 469 A.2d at 230.

action to the law side is premature. *Id.*, 322 Pa.Superior Ct. at 154, 469 A.2d at 228.

Appeal quashed.