448

619 A.2d 762

In re ESTATE OF Elisha B. BROWN, Deceased.

Appeal of: David B. ADAMS, Administrator D.B.N.C.T.A.
of the Estate of Elisha B. Brown.

Superior Court of Pennsylvania.

Submitted Nov. 30, 1992.

Filed Jan. 26, 1993.

Thomas A. James, Jr., Bloomsburg, for appellant.

Peter J. Hill, Bloomsburg, for Mifflinville United Methodist Church, participating party.

Before KELLY, FORD ELLIOTT and BROSKY, JJ.

BROSKY, Judge.

This appeal is from the Order of the court of common pleas of Columbia county, Orphans' Division, revoking letters of administration granted to appellant and removing appellant as the administrator d.b.n.c.t.a. of the Estate of Elisha B. Brown, deceased.

Appellant maintains that the Orphans' Division erred in revoking letters of administration on the basis that administration of the Estate had been complete, that appellant was not a fit person to administer the Estate and that appellant is disqualified from acting as Administrator on the basis of self-dealing.

The facts, as gleaned from the Opinion of the trial court, appear to be as follows: The decedent, Elisha B. Brown, (the decedent), died testate in 1885, and his Will was probated that same year. On May 4, 1992, appellant petitioned the Register of Wills of Columbia County for letters of administration d.b.n.c.t.a. In his petition, appellant averred that he sought appointment as administrator d.b.n.c.t.a. for the purpose of securing a reversion of real estate deeded by the decedent to the Mifflinville United Methodist Church (the Church) located in Columbia County because the Church had violated the terms of the said deed. As a consequence of the breach of the terms of the said deed, title to the real estate reverted to the estate of the decedent.[1]

---

1. The record certified to this court does not contain appellant's petition requesting letters of administration, nor does it contain a copy of the deed conveying the subject real estate to the Church. Neither the Opinion of the trial court nor any other document included with the

The Opinion of the trial court states that appellant filed an action against the Church at No. 322 of 1990 in the Columbia County court of common pleas to quiet title to this property and that appellant claims that he obtained a judgment by default against the Church in this action and that he therefore asserts a superior title to the real estate involved. The trial court then goes on to state in its Opinion that summary judgment had been granted in this same action in favor of the Church, thus dismissing appellant's claim to the said real estate. In its petition to revoke the letters of administration granted to appellant, the Church refers to the action in quiet title filed at No. 322 of 1990, but states that judgment on the pleadings was entered in favor of appellant. The petition also refers to another action filed by appellant at No. 640 of 1992 in the Columbia County court of common pleas against the Church seeking title to the said real estate by virtue of the reversion referred to in the deed. No disposition of this action is alleged by the Church, and the trial court in its Opinion makes no reference to it. Hence, we have a record before us which makes reference to two related causes of action not before us and which contains conflicting and incomplete versions of events surrounding the grant of letters of administration. Unfortunately, we have no record support for the facts surrounding these two causes of action as recited in the Opinion of the trial court, and these facts cannot become part of this record by virtue of the trial court's reference to them in its Opinion. *See Hatalowich v. Bednarski,* 315 Pa.Super. 303, 461 A.2d 1292 (1983). Moreover, the record before this court does not contain any testimony from any of the interested parties because, apparently, the trial court did not hold a hearing on the Petition to remove. Rather, it disposed of the matter on the basis of petition and answer.[2] Therefore, we will make our disposition based upon

certified record impart to us the nature of the violation causing reversion of the subject property to the decedent's estate.

**2.** Both appellant and the Church have filed reproduced records with this court which contain, *inter alia,* a copy of the complaint in quiet title filed at No. 640 of 1992, with accompanying Exhibits of a copy of the testamentary deed from the executor of the decedent's Estate to the

what we have been able to piece together as undisputed from the meager record before us, including the Opinion of the trial court, and the Briefs of the parties to this appeal.

The Church filed its Petition to remove appellant as administrator d.b.n.c.t.a. pursuant to Section 3182 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. § 3182, alleging that appellant has an interest adverse to that of the Estate. The interest which the Church alleges to be adverse is appellant's ulterior desire to transfer the real estate involved to himself rather than to protect the property from a use or uses other than that set forth in the testamentary deed.[3] An Answer consisting of general denials of the averments of the Petition was filed by appellant.

The trial court based its decision to remove appellant as administrator upon two assumptions. First, the court rea-

Trustees of the Church, a copy of a final decree filed at No. 322 of 1990, and a purported, written copy of the decedent's Will. The supplemental reproduced record filed by the Church includes, *inter alia*, a copy of the Answer and New Matter of the Church filed at No. 640 of 1992, appellant's Answer to the New Matter, a typewritten copy of the purported Will of the decedent and a copy of appellant's petition for letters d.b.n.c.t.a.

We are unable to consider the reproduced documents relating to the actions filed at No. 322 of 1990 and No. 640 of 1992, because, first, they are not part of the record in this case but, rather, are filed to causes of actions which are not presently before this court. We may only consider on appeal facts appearing in the record certified to this court. *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974). Secondly, with respect to the Petition for grant of letters of administration, a document not filed of record does not become part of the certified record by the mere expedient of reproduction. *Pittsburgh's Airport Motel, Inc. v. Airport Asphalt & Excavating Co.*, 322 Pa.Super. 149, 469 A.2d 226 (1983).

3. The only two applicable sections under which appellant could be removed are Section 3182(1) or (5). Section 3182(1) calls for removal of a personal representative who, *inter alia*, wastes or mismanages the estate. Section 3182(5) mandates removal when, for any reason, the interests of the estate are likely to be jeopardized if the personal representative is not removed. Section 3182(2) is inapplicable because appellant has not been adjudged a lunatic, a habitual drunkard or a weakminded person. Similarly, appellant has not become incompetent by reason of illness or mental incapacity to administer the estate. Section 3182(3). Finally, appellant has not moved his residence outside the Commonwealth, nor does he have an unknown place of residence in this Commonwealth. Section 3182(4).

soned that since the decedent passed away more than one hundred years ago, "it is safe to concluded [sic] that [the administration of the estate] was completed long before 1992." Opinion, p. 1. The court reached this conclusion even though the records of the Register of Wills of Columbia County failed to disclose evidence of any administration. As an alternative ground for removal, the court concluded that appellant was engaged in obvious self-dealing by having himself appointed as administrator so that he could attempt to divest the estate of any interest in the subject real estate by having the court declare him the owner of the property. The court considered appellant's conduct in attempting to gain title to the real estate in question by attempting to thwart the interests of the Estate to be a classic example of self-dealing. The court relied upon *In re Estate of Banes,* 452 Pa. 388, 305 A.2d 723 (1973) for the proposition that a fiduciary/administrator need not act fraudulently for the purpose of self-dealing. Instead, the test is "whether the fiduciary had a personal interest in the subject transaction of such a substantial nature that it *might* have affected his judgment in material connection." At 396, 305 A.2d at 727, *citing Downing Estate,* 162 Pa.Super. 354, 57 A.2d 710 (1948); emphasis in original. The court also cited *In re Estate of Lux,* 480 Pa. 256, 389 A.2d 1053 (1978), as authority for the removal of an administrator/fiduciary who had engaged in self-dealing.

We agree that the trial court was correct in revoking letters of administration d.b.n.c.t.a. granted to appellant and in removing him as administrator d.b.n.c.t.a. of the Estate of the decedent. However, the inconsistencies in the record before us coupled, with the lack of an evidentiary basis for so concluding that appellant was engaging in self-dealing or that the Estate had indeed completed administration long before 1992, compels us to affirm for a reason different from that relied upon by the trial court. *See, e.g., Gerace v. Holmes Protection of Philadelphia,* 357 Pa.Super. 467, 516 A.2d 354 (1986), *appeal denied,* 515 Pa. 580, 527 A.2d 541 (1987). Our independent search through the Probate, Estates and Fiduciaries Code has disclosed the following for our enlightenment.

Section 3152 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. § 3152, states: "Letters testamentary or of administration shall not be granted after the expiration of 21 years from the decedent's death, except on the order of the court, upon cause shown."[4]  No one disputes that the decedent passed away more than one hundred years ago in 1885.  Thus, it was substantially after the passage of twenty-one years that the Register of Wills issued letters of administration to appellant on the Estate of the decedent.

At this juncture, we need to admonish counsel that it is the appellant's responsibility to provide the appellate court with a complete record for review.  *See, e.g., Pagesh v. Ucman,* 403 Pa.Super. 549, 589 A.2d 747 (1991).  The Petition for letters of administration d.b.n.c.t.a., which would reveal the reason for which appellant sought appointment as administrator of the estate of the decedent well in excess of twenty-one years after the decedent's death, is not included as part of the record certified to us.  *See* note 1, *supra* at p. 763.  Therefore, we are unable to determine, in the absence of the Petition from the certified record, whether appellant has shown cause for the grant of letters in excess of the statutory period.  We are able, however, to ascertain from the Opinion of the trial court, the parties' Briefs and the Petition to remove that appellant's reason was to secure a reversion of the subject real estate. Needless to say, this reason, standing alone, is not determinative of cause shown.  Since, as we have noted earlier, the record in this case is meager, we must conclude, based upon the parties' arguments in their appellate Briefs to this court, the information contained in the Opinion of the trial court and the Petition to remove, to which appellant responded only in terms of general, rather than specific, denials, that appellant

**4.** The Church has raised the applicability of this section for the first time in its appellate Brief.  Appellant argues that this argument has been waived because it was not presented in the trial court.  Appellant concedes, however, that the requirements of this section have otherwise been met.  Although the applicability of Section 3152 was not raised in the trial court, as noted in the text, *supra,* our independent search through the Probate, Estates and Fiduciaries Code has disclosed the existence of Section 3152.

has not shown cause for the grant of letters in excess of the period prescribed in Section 3152.

This situation is unlike that occurring in *In re Schulz' Estate*, 374 Pa. 459, 98 A.2d 176 (1953). There, the supreme court directed the appointment of an administrator d.b.n.c.t.a. to administer the estate of the decedent who passed away in 1917 because the then appointed administrator/trustee, who had since died, improperly acquired all the interests of the beneficiaries in the subject real estate, including his brother's interest as a life tenant, without the appointment of guardians for the minor remaindermen, the children of the life tenant, and without notifying all the remaindermen children of his proposed acquisition of their interests, even though their father assigned his life interest to the administrator/trustee. The court in *Schulz* held that the appointment of an administrator d.b.n.c.t.a. was necessary in order to effectuate the sale of the real estate involved if no family settlement entered into by all interested parties, including the remaindermen, was made as to how the real estate would be divided among the heirs of the decedent.

Similarly, in *In re Treat's Estate*, 341 Pa. 342, 19 A.2d 354 (1941), pursuant to an earlier but similar version of Section 3152, 20 P.S. § 342, Act of June 7, 1917, P.L. 447, § 2(b), the supreme court affirmed an Order directing the Register of Wills to issue letters of administration d.b.n.c.t.a. to Marine Bank for the estate of a decedent who had passed away in 1913 on the basis that the first executrix was deceased and had not during her tenure as executrix administered unpaid notes as part of the decedent's estate. The court held that due cause had been shown by the Bank/petitioner for the grant of letters to determine if the decedent's estate still had funds owed to it, i.e., the unpaid notes given to the decedent by his son.

In sum, we affirm the Order removing appellant as administrator d.b.n.c.t.a. of the decedent's Estate for having failed to show cause why his appointment was necessary outside the

period prescribed by Section 3152.[5]

Order affirmed.

5.  Because of our disposition, we need not consider appellant's claim that he was a fit person to administer the estate pursuant to 20 Pa.C.S.A. § 3155(b)(5), relating to persons entitled to be granted letters of administration.