Christopher John KOCHAN, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 17, 2000.

Decided Jan. 9, 2001.

Reconsideration Denied March 15, 2001.

Christopher John Kochan, appellant, pro se.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

## PER CURIAM.

This *pro se* appeal is from the Order of the Court of Common Pleas of the 37th Judicial District, Warren County Branch, dismissing Appellant's self-styled Petition for Judicial Review of the action of the Department of Transportation (PennDOT) in notifying Appellant of the addition of three points to his driving record pursuant to Section 1544 of the Vehicle Code, 75 Pa.C.S. § 1544(a). Section 1544 provides for the addition of points to those already accumulated on Appellant's driving record because of his prior conviction for violating Section 1571(a)(1) and (4) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1571(a)(1) and (4).[1] After a *de novo* hearing, the trial court dismissed Appellant's statutory appeal. This appeal followed. We quash.

■ The Statement of Questions Involved section of Appellant's Brief contains thirteen (13) issues of no substance.[2]

1. Section 1544(a) provides:

§ 1544. **Additional period of revocation or suspension**

**(a) Additional point accumulation.**—When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

Section 1571(a)(1) and (4) reads as follows:

§ 1571. **Violations concerning licenses**

**(a) Offense defined.**—It is unlawful for any person:

(1) To exhibit or cause or permit to be exhibited or have in possession any recalled, canceled, suspended, revoked, disqualified, fictitious or fraudulently altered driver's license.

\* \* \*

(4) To fail or refuse to surrender to the department upon lawful demand a recalled, canceled, suspended, revoked, disqualified, fictitious or fraudulently altered driver's license.

2. As set forth in Appellant's Brief, these are:

"1. Should I have been granted Summary Judgment by Motion and/or Praecipe?"

"2. Should 'Paul H[sic] Millin' recuse himself [sic] and did he deny me due process, as well as other secured protections/rights?"

"3. Was the 'underlying matter,' i.e.[sic] 380 of 1999, just an 'Appeal' from a licenses[sic] suspension [sic] and how should have it[sic] been treated?"

"4. Have the 'Respondents' admitted to bad faith and have they been estopped from claiming anything to the contrary?"

"5. Does 'Paul H[sic] Millin' have a duty to I, Christopher John Kochan, in that all of his actions [sic] he must show what is claimed by others the 'law' he is relying on said action that may effect [sic] any of my 'rights'."

"6. Was 'Paul H[sic] Millin' allowed to change the 'respondents' on the suit? And in doing so what has he done?"

They do not provide any identifiable issues for our review or any discernible ruling of the trial court. *See Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982).

■ In a similar vein, even though Appellant's argument is "divided into as many parts as there are questions to be argued", it is nevertheless devoid of any substance. Pa.R.A.P. 2119(a). While Appellant provides citations of authorities as required by Pa.R.A.P. 2119(b), these citations are to abstract or irrelevant propositions of law in violation of that Rule, which states in pertinent part **"(b) Citation of authorities.** Citations of authorities must set forth the principle for which they are cited." Pa.R.A.P. 2119(b). Even though Appellant may have set forth the propositions for which the cases he cites allegedly stand, he fails to relate the abstract to the concrete. His argument consists of a rambling discourse with innuendoes of unfairness void in substance of both law and fact. *See Sanford, supra,* and *Commonwealth v. Jones,* 329 Pa.Super. 20, 477 A.2d 882 (1984). The argument reads, in effect, as a personal vendetta against the legal system, in general, and, specifically, against the trial court, PennDOT and other court officials whom Appellant holds personally responsible for his current predicament.[3] It is only because the Opinion of the trial court written in support of its Order dismissing Appellant's statutory appeal and the Statement of the Case contained Penn-DOT's Brief shed light on this controversy

> "7. Was I denied 'Due process,' and other secured rights, or other rights by 'respondent'?"
> "8. Did those of 'PennDOT' have the authority to act [sic] and can the authority to act be attacked at anytime [sic], collaterally or otherwise?"
> "9. Did a 'Miscarriage of Justice' occur [sic] and did I meet the burden of proving it did occur?"
> "10. Can a 'Conviction' be attack [sic] at any time in any court?"
> "11. What is the duty of 'government'?"
> "12. Have those of the government conspired against me and denied me my rights, and who is involved?"

that we are able to discern the nature of the matter at hand. However, it is not this Court's function to act as counsel for Appellant, and we decline to do so. *Grosskopf v. Workmen's Compensation Appeal Board (Kuhns Market),* 657 A.2d 124 (Pa. Cmwlth.1995). *See also Sanford, supra.*

■ A Brief which is not in conformance with the Rules of Appellate Procedure is substantially defective and, consequently, precludes us from conducting meaningful appellate review of a matter. *Grosskopf, supra.* Pa.R.A.P. 2101 sets the general standard for Briefs and Reproduced Records filed with the appellate courts of this Commonwealth as follows:

### Rule 2101. Conformance with Requirements

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

■ Appellant has also filed a document titled "Supplemental Reproduced Record I". This document contains items which are not part of the record certified to this Court. Pa.R.A.P.1921 provides as follows:

> "13. Can the 'Rules of Court' and/or 'Rule [sic] of Evidence' be 'used' against me to deny any Right?"

3. Appellant has also violated Pa.R.A.P. 2115(a) in that he has failed to include the text of the Order from which the appeal has been filed. Appellant lists the dates of several Orders and refers us to the Reproduced Record for their respective texts. However, Pa. R.A.P. 2115(a) explicitly states that "[t]he text of the order ... from which an appeal has been taken ... shall be set forth verbatim...."

**Rule 1921. Composition of Record on Appeal**

The original papers and exhibits *filed* in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases.

Pa.R.A.P.1921. (Emphasis supplied). Only items which are part of the certified record may be considered by an appellate Court. *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974); *Rosselli v. Rosselli*, 750 A.2d 355 (Pa.Super.2000). A document does not become part of the certified record by the mere expedient of including it in the reproduced record. *Rosselli, supra; Pittsburgh's Airport Motel v. Airport Asphalt and Excavating Co.*, 322 Pa.Super. 149, 469 A.2d 226 (1983) *See also Keller v. Volkswagen of America*, 733 A.2d 642 (Pa.Super.1999). This also the case with respect to a supplemental reproduced record which consists almost entirely of documents not part of the certified record. *Possessky v. Diem*, 440 Pa.Super. 387, 655 A.2d 1004 (1995); *General Accident Fire and Life Assurance Corp. v. Flamini*, 299 Pa.Super. 312, 445 A.2d 770 (1982).

■ Appellant's Brief is defective to the point that it constitutes a violation Pa. R.A.P. 2101 and, consequently, precludes effective appellate review of the matter before us. *Grosskopf, supra.* For this deficiency, we may impose the sanction of quashing the appeal. *Id.* We may also impose the identical sanction where, as here, an appellant attempts to direct our attention to matters not made part of the certified record in violation of Pa.R.A.P. 1921. *Rosselli, supra.*

Appeal quashed.

### ORDER

AND NOW, this 9TH day of January, 2001, this Appeal is hereby QUASHED. The Supplemental Reproduced Record filed in this matter is hereby SUPPRESSED.