# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Luke Riley & Dawn Riley, : | |
| Husband and Wife, : | |
| Appellants : | |
| : | |
| v. : | No. 1238 C.D. 2023 |
| : | Submitted: May 7, 2025 |
| Liberty Borough : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER        FILED:  July 23, 2025

This matter returns to the Court following our memorandum opinion and order in *Riley v. Liberty Borough* (Pa. Cmwlth., No. 766 C.D. 2020, filed August 6, 2021) (*Riley I*), in which the Court affirmed the order of the Court of Common Pleas of Allegheny County (trial court) denying Liberty Borough's (Borough) Motion for Judgment on the Pleadings.  Now, Luke Riley (Riley) and Dawn Riley[1] appeal the

---

[1] Like in *Riley I*, the Borough asserts that Dawn Riley is inappropriately named in this matter.  Although the Court continues to acknowledge the distinction argued by the Borough, the Court again includes Dawn Riley in the caption to remain consistent with the procedural history of this matter.  *See Riley I*, slip op. at 1 n.1.

Order of the trial court, exited September 15, 2023,[2] granting the Borough's Motion for Summary Judgment (Motion). The Borough sought summary judgment on the entirety of Riley's Amended Complaint, which included breach of contract and unjust enrichment claims regarding Riley's employment agreement and pension benefits with the Borough. Upon review, we affirm the trial court's Order because there are no genuine disputes of material fact as to the employment agreement and pension benefits, and the Borough is entitled to judgment as a matter of law.

## I.    BACKGROUND

Riley served as the Borough's Chief of Police for more than 20 years. In 2016, Riley entered into an employment agreement with the Borough (Employment Agreement), which provides in relevant part as follows:

### ARTICLE IV - RILEY FRINGE BENEFITS

The BOROUGH agrees to provide RILEY with the following fringe benefits during the term of this Employment Agreement:

. . . .

3. Sick Leave - RILEY shall be provided with fifteen (15) working days sick leave per year. Such sick leave that is not used may be accumulated. There shall be no limit on the amount of accumulate sick days.

. . . .

7. Vacation Days - RILEY shall be granted vacation time of six (6) weeks annually for BOROUGH service in excess of fifteen (15) years. Such vacation days not used may be accumulated by RILEY. There shall be no limit on accumulated vacation days.

---

[2] The Order is dated August 25, 2023, but exited on September 15, 2023, which is the controlling date.

. . . .

12. Police Pension Benefits - RILEY shall be entitled, in accordance with [the Municipal Police Pension Law, Act of May 29, 1956, P.L. (1955) 1804, No. 600, *as amended*, 53 P.S. §§ 767-778, commonly called "Act 600,"] to police pension plan benefits which shall require the BOROUGH to contribute a minimum amount of Two ($2.00) Dollars per hour to a Police Pension Plan for each hour worked by RILEY.

(Reproduced Record (R.R.) at 353-56.)[3] When Riley entered into the Employment Agreement, he had an existing pension with the Borough under the Pennsylvania Municipal Retirement Law, Act of February 1, 1974, P.L. 34, No. 15, *as amended*, 53 P.S. §§ 881.101-881.501, commonly called "Act 15."

Pursuant to the Act 600 pension in the Employment Agreement,

Riley requested payment from the Borough for sick, vacation, and compensation days, for a total of 240 days, . . . to calculate and finalize his retirement. Following nonreceipt of the requested payment, on May 19, 2019, Riley filed a Complaint against the Borough with the trial court, asserting causes of action for breach of contract and unjust enrichment. Riley later filed an Amended Complaint on July 17, 2019.

*Riley I*, slip op. at 3 (citations omitted).

Following preliminary objections, which were overruled, the Borough answered the Amended Complaint. The Borough stated that "paragraph 12 of the [Employment] Agreement contains a scrivener's error in that 'Act 600 . . .' was erroneously referenced," explaining that "[t]he minimum contribution of $2 per hour referenced therein was and is required under Section IV of [Act 15, 53 P.S. §§ 881.401-881.413]." (R.R. at 277.) The Borough further stated that "Riley can

---

[3] The Reproduced Record does not comply with Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173 (requiring "the reproduced record and any supplemental reproduced record shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc. . . . .").

only be provided with pension benefits pursuant to ordinance, as more specifically set forth in Section IV of [Act 15]." (*Id.* at 278.) Because the "Borough has not established an Act 600 pension," the Borough "denied that . . . Riley is entitled to an Act 600 pension." (*Id.*)

> Subsequently, as previously summarized by the Court,

> the Borough filed a Motion for Judgment on the Pleadings, arguing that no actual case or controversy existed beyond questions of law. Specifically, the Borough asserted that Riley's [Employment] Agreement cannot confer a right to Act 600 pension benefits because there is no ordinance in the Borough enabling such a pension plan. On May 28, 2020, the trial court denied the Borough's Motion for Judgment on the Pleadings. In its [o]rder, the trial court opined:

>> As a matter of law, and undisputed by both parties, no Act 600 pension exists or was funded. However, the [c]ourt finds that an employment contract does exist and there are disputed issues of fact related to the formation and terms of the employment contract to overcome the standard . . . for a Motion for Judgment on the Pleadings.

*Riley I*, slip op. at 4.

The Borough then appealed to this Court. After review, the Court affirmed the trial court's denial, reasoning that the Borough did not meet its burden to establish its entitlement to judgment on the pleadings. *Id.* at 11. Nonetheless, the Court ruled in the Borough's favor regarding the Act 600 pension. The Court explained that "a pension plan can only be established through an enabling ordinance, and . . . the Borough did not enact an ordinance to establish an Act 600 pension plan." *Id.* at 8. Consequently, "the references to the Act 600 pension [contained in the Employment Agreement] are unlawful and considered stricken from the Agreement." *Id.* Although the Court concluded that "the Borough did not properly create an Act 600 pension through the enactment of an ordinance, and thus,

4

Riley [was] not entitled to Act 600 benefits," the Court affirmed the trial court because "it [was] the Court's understanding that there [were] issues of material fact that still remain[ed] to be addressed prior to a full resolution of this case." *Id.* at 9. Therefore, the Court reasoned "the matter should return to the trial court for further assessment of the parties' outstanding disputes." *Id.* at 11.

Upon the matter returning to the trial court, the parties engaged in discovery. Relevant here, the Borough requested Riley to admit that the Borough "has not retained any monies," "has not retained any pension contributions," and "never failed to contribute to a pension plan any pension contributions" of Riley. (R.R. at 152-53.) Riley denied each request. In response, the Borough filed a motion with the trial court seeking sanctions and for the court to deem the above requests admitted because it believed Riley provided false responses to the requests. By order exited July 15, 2022, the trial court granted the Borough's motion and deemed the requests admitted. Riley has not challenged the July 15, 2022 order.

Thereafter, the Borough filed the Motion, arguing first that it is entitled to summary judgment as a matter of law because the above admissions establish that the Borough was not unjustly enriched. Further, the Borough maintained that the existence of the Employment Agreement "is a complete defense to a claim for unjust enrichment." (R.R. at 64 (citation omitted).) Finally, the Borough argued that it is entitled to judgment as a matter of law for Riley's breach of contract claim regarding compensation for accumulated sick, vacation, and compensatory days because the Employment Agreement does not provide for such payments.

After considering the Motion and Riley's response thereto, the trial court granted the Motion. The trial court explained that while the Borough "cannot be unjustly enriched since it has not retained any pension contributions from Riley,"

this "appears to miss the mark as the crux of Riley's unjust enrichment claim." (Trial Court's Opinion at 3.) Rather, according to the trial court, Riley claimed the Borough "is unjustly enriched by being relieved of an obligation to make contributions from its own coffers to an Act 600 [p]ension [p]lan for Riley's benefit." (*Id.*) However, "given the nullity of the Act 600 pension claim" because of *Riley I*, the trial court concluded Riley's "argument is unpersuasive to the extent that Riley is even making it, which remains somewhat unclear." (*Id.*) Therefore, the trial court granted the Motion, reasoning the Borough "has not been unjustly enriched by failing to contribute to Riley's Act 600 [p]lan" because "no such obligation existed," the Borough "did not receive or retain any monies from Riley," and "Riley was compensated for his services via the Act 15 [p]ension [p]lan." (*Id.*)

Riley now appeals the trial court's Order.[4]

## II. DISCUSSION

Riley argues the trial court erred in granting the Motion because material issues of fact remain in dispute regarding his claims of unjust enrichment and compensation for accumulated sick and vacation days. In addition to opposing Riley's arguments, the Borough asserts that the arguments are waived because Riley's appellate brief does not comply with numerous Pennsylvania Rules of Appellate Procedure. Because the Borough seeks to limit what the Court may review, we begin with whether Riley's arguments are waived.

---

[4] Riley appealed the Order to the Superior Court, which transferred the matter to this Court via order dated November 3, 2023.

*A. Waiver*

The Borough asserts that Riley waived his arguments on appeal because his appellate brief does not comply with, at minimum, Pennsylvania Rules of Appellate Procedure 2116 through 2119, Pa.R.A.P. 2116-19.[5]   According to the Borough, appellate review of the Order is impaired because of the significant procedural defects in Riley's brief.  Consequently, the Borough argues that the Court must find that Riley's arguments are waived and quash or dismiss Riley's appeal pursuant to Pennsylvania Rule of Appellate Procedure 2101, Pa.R.A.P. 2101.

Under Pa.R.A.P. 2101, if an appellant's brief does not conform with the requirements of the Pennsylvania Rules of Appellate Procedure, the brief "**may** be suppressed, and, if the defects . . . are substantial, the appeal . . . **may** be quashed or dismissed."  Pa.R.A.P. 2101 (emphasis added); *see, e.g.*, *Kochan v. Dep't of Transp., Bureau of Driver Licensing*, 768 A.2d 1186, 1189 (Pa. Cmwlth. 2001) (quashing an appeal because the "[a]ppellant's brief [was] defective to the point that it constitute[d] a violation [of] Pa.R.A.P. 2101 and, consequently, preclude[d] effective appellate review of the matter").  However, "[a] brief's technical deficiencies may not warrant outright quashal of the underlying appeal if they 'do[] not preclude this Court from discerning [an appellant's] arguments . . . or from performing meaningful review of the issues on appeal[.]'"  *770 Ameribeer, Inc. v. Pa. Liquor Control Bd.*, 318 A.3d 998, 1004 n.6 (Pa. Cmwlth. 2024); *see also Russell v. Unemployment Comp. Bd. of Rev.*, 812 A.2d 780, 783 n.3 (Pa. Cmwlth. 2002) (declining to find waiver "where defects in the brief did not preclude meaningful appellate review or result in waiver of issues").

---

[5] Pa.R.A.P. 2116 through 2119 provide various requirements for the content of appellate briefs.  *See* Pa.R.A.P. 2116 (Statement of Questions Involved); Pa.R.A.P. 2117 (Statement of the Case); Pa.R.A.P. 2118 (Summary of Argument); Pa.R.A.P. 2119 (Argument).

Here, the Court declines to suppress the arguments in Riley's appellate brief or quash or dismiss the appeal. Although Riley's brief does not strictly comply with the Pennsylvania Rules of Appellate Procedure, the Court is able to meaningfully address the merits of the appeal. Therefore, under these circumstances, the Court will address the arguments raised by Riley to the extent we are able to do so.

### B. Summary Judgment[6]

#### 1. Act 600 Pension and Unjust Enrichment

Riley first argues the trial court erred because "there are material issues of fact in dispute, specifically the amount of money he should receive as a result of the Act 600 language in the [Employment Agreement]." (Riley's Brief (Br.) at 8.) Riley maintains he is entitled to "receive a pension that is commensurate with an Act 600 [p]lan[,] which would be substantially higher than the Act 15 [p]lan he is currently receiving," because the Borough agreed to provide him an Act 600 pension in the Employment Agreement. (*Id.*) Because the Borough never enacted an Act 600 pension plan, Riley contends that "he was never able to pay into the Act 600 [p]lan at a higher rate, and therefore in retirement he will now receive a lesser pension than he had negotiated pursuant to the contract." (*Id.*) Thus, Riley argues the Borough is unjustly enriched by not having to pay into a pension plan commensurate with the agreed-to Act 600 pension.

---

[6] The Court's "standard of review on appeal from the grant or denial of summary judgment is de novo, and our scope of review is plenary." *Clean Air Council v. Sunoco Pipeline L.P.*, 185 A.3d 478, 485 (Pa. Cmwlth. 2018). The Court "is limited to determining whether the trial court committed an error of law or abuse of discretion." *Id.* "Summary judgment is only appropriate where, upon examination of the record in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is clearly entitled to a judgment as a matter of law." *Id.* at 485-86.

"Unjust enrichment is an equitable doctrine implying that a contract exists when a party is found to have unfairly benefited by another's actions." *Guy M. Cooper, Inc. v. E. Penn Sch. Dist.*, 903 A.2d 608, 619 (Pa. Cmwlth. 2006). To establish a claim of unjust enrichment, "the plaintiff must establish that (1) it conferred benefits on the defendant, (2) the defendant appreciated those benefits, and (3) the defendant accepted and retained those benefits 'under such circumstances that it would be inequitable for [the defendant] to retain the benefit without payment of value.'" *Water Polo I, L.P. v. W. Hanover Twp. Sewer Auth.*, 301 A.3d 1009, 1019 (Pa. Cmwlth. 2023) (citation omitted; emphasis removed). Significantly, the plaintiff must establish that the defendant "wrongfully secured or passively received a benefit that it would be unconscionable for [the defendant] to retain." *Id.* (citation omitted; emphasis removed). "In determining if the doctrine applies, our focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched." *Filippi v. City of Erie*, 968 A.2d 239, 242 (Pa. Cmwlth. 2009).

Here, the Borough was not unjustly enriched by not providing Riley with a pension commensurate with an Act 600 pension plan. To start, it is the law of the case that "Riley is not entitled to Act 600 benefits" because "the Borough did not properly create an Act 600 pension through the enactment of an ordinance." *Riley I*, slip op. at 9. Consequently, Riley is not entitled to receive a pension plan commensurate with an Act 600 plan, and the Borough is not unjustly enriched by not paying into such a plan, because "the [Employment] Agreement's reference to an Act 600 pension is illegal and unenforceable." *Id.* at 8. "While the language of the [Employment] Agreement references Act 600, this inclusion alone does not empower this Court to enforce the payment of Act 600 pension benefits as this action would run contrary to law." *Id.*; *see also id.* at 7 ("[E]ven if Riley received mistaken

9

assurance that he was eligible for an Act 600 pension, he would still not be eligible for such a pension as this runs contrary to the pension plan expressly permitted by the Borough's ordinance."). The Court will not deviate from the law of the case. *See Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) ("[A] court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.").

Additionally, Riley has admitted that the Borough did not retain any monies or pension contributions of Riley or fail to contribute any of Riley's pension contributions to a pension. Therefore, Riley has not proved that the Borough "wrongfully secured or passively received a benefit that it would be unconscionable for [it] to retain." *See Water Polo I, L.P.*, 301 A.3d at 1019.

Thus, the trial court did not err in granting the Borough summary judgment because there is no genuine dispute that the Borough was not unjustly enriched.

## 2. Accumulated Sick and Vacation Days

Next, Riley argues the trial court erred in granting the Motion as to his breach of contract claim for payment of accumulated sick and vacation days because whether Riley is entitled to compensation for these days and the equation for determining the amount of compensation are material issues of fact in dispute. Although the Employment Agreement "lacks the definition of compensation" for accumulated sick and vacation days, Riley asserts that he is "entitled to accumulate said days pursuant to the language of the contract." (Riley's Br. at 9.) Therefore, Riley posits that pursuant to the Employment Agreement, he is entitled to compensation for accumulated sick and vacation days in an amount equal to his daily compensation for each accumulated day.

"To support a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract between the plaintiff and defendant, including its essential terms; (2) a breach of duty imposed by the contract; and (3) damages resulting from that breach of duty." *Boyd v. Rockwood Area Sch. Dist.*, 907 A.2d 1157, 1165 (Pa. Cmwlth. 2006). To resolve the issue at bar, the Court must interpret the Employment Agreement to determine whether the Borough is obligated to compensate Riley for accumulated sick and vacation days. Such interpretation "is a question of law," and the Court's "standard of review is de novo and our scope of review is plenary." *Vinculum, Inc. v. Goli Techs., LLC*, 310 A.3d 231, 242 (Pa. 2024) (italics omitted).

Here, the plain language of the Employment Agreement does not provide for the compensation of accumulated sick and vacation days. Under Article IV of the Employment Agreement, Riley is provided with a set amount of sick and vacation days per year and is entitled to accumulate unused days from year to year. However, nowhere in the Employment Agreement is the Borough obligated to compensate Riley for any accumulated, unused sick and vacation days upon retirement. Therefore, the trial court did not err in granting the Borough summary judgment because there is no genuine dispute that the Borough does not have a duty to compensate Riley for accumulated sick and vacation days under the plain language of the Employment Agreement.

## III. CONCLUSION

For the foregoing reasons, the Court affirms the trial court's Order.

_____
RENÉE COHN JUBELIRER, President Judge

Judge Wallace dissents.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luke Riley & Dawn Riley,        :
Husband and Wife,            :
             Appellants   :
                            :
          v.         :   No. 1238 C.D. 2023
                            :
Liberty Borough              :

# **O R D E R**

**NOW**, July 23, 2025, the Order of the Court of Common Pleas of Allegheny County, exited September 15, 2023, is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge